IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RACHELLE KIMBERLIN,

       Plaintiff,

    v.                        Case No. 2:11-cv-1039
                                    Judge James Graham
DOLLAR GENERAL CORP.,et al.,      Magistrate Judge Abel

       Defendants.

OPINION AND ORDER

This is a "public policy tort action" brought by plaintiff Rachelle Kimberlin against her employer Dollar General Corporation (Dollar). This matter is before the court on defendants' motion pursuant to Fed.R.Civ.P. 12(c) for judgment on the pleadings based on judicial estoppel. Alternatively, Defendant also moves to dismiss on the ground that plaintiff is not entitled to relief on her claims as a matter of law.

## I.    FACTS

Plaintiff is an Ohio resident. Defendant is a Tennessee Corporation. From June 21, 2001 until her termination on June 9, 2010, plaintiff was employed as a repack order filler at defendant's Zanesville Distribution Center. Subject matter jurisdiction in this case is premised upon diversity of citizenship under 28 U.S.C. § 1332[1].

On September 22, 2009, plaintiff was at work filling orders with products stored in a warehouse area enclosed by wire mesh. While plaintiff was assisting a co-worker, her supervisor Darryl Strouse (Strouse) approached plaintiff and commenced berating her and made untrue allegations about her work performance. Strouse then threw a stack of "totes," containers used for collecting products for orders, at plaintiff. The totes crashed against the metal frame and plaintiff feared for her personal safety. Plaintiff orally reported the incident to another

---

[1]    The parties agree that Ohio law governs the dispute in this case.

supervisor, Maggie Andrews, who allegedly took no action. Plaintiff attempted to meet with Strouse's direct supervisor, Herb Fields (Fields) but was not permitted to do so.

That evening, plaintiff's husband (also a Dollar General employee) phoned Human Resources to orally report an incident of workplace violence in accordance with the Employee Handbook. Subsequently, plaintiff then met with Fields who said he would investigate. A week later, Fields presented plaintiff with a "coaching" document that accused her of "acting inappropriately" toward Strouse. Plaintiff's husband phoned Human Resources again and left a message.

Although plaintiff had received only one informal disciplinary couching during her first eight years of employment, after her husband's call to Human Resources, plaintiff was disciplined at least five times. The reasons for discipline included failure to reach production targets. This was also the reason given for plaintiff's ultimate termination on June 9, 2010.

Plaintiff filed the instant action on October 26, 2011 in the Court of Common Pleas for Muskingum County, Ohio. The matter was removed on the basis of diversity jurisdiction on November 17, 2011. In her complaint, plaintiff alleges a cause of action for "public policy tort," alleging that defendant's discriminated against her and retaliated against her for reporting the workplace assault. She further alleges violation of the Dollar General employee handbook, violation of Ohio's public policy against assault, and violation of Ohio's whistleblower statute found at Ohio Rev. Code §4113.52[2].

---

[2]     Plaintiff's claims for violation of public policy regarding workplace safety are preempted by her claims under Ohio Rev. Code §4113.52. See, Kulch v. Structural Fibers, Inc., 78 Ohio St. 3d 134 (1997). However, on the face of the complaint, plaintiff cannot maintain a cause of action under Ohio Rev. Code §4113.52 because she failed to comply with the requirements of the statute. See Contreras v. Ferro Corp., 652 N.E.2d 940, syllabus (Ohio 1995)(the failure to comply with the requirements of Ohio Rev. Code §4113.52 was fatal to the employee's claim). Specifically, plaintiff failed to allege that she provided a written report of an alleged violation to her employer (Section (A)(1)(a)) and failed to file her cause of action within 180 days of the date of her termination. Section (D). Although not raised by defendants in their motion, dismissal of the whistleblower claim on statute of limitations grounds is nonetheless appropriate. See, Alston v. Tenn. Dep't. of Corr., 28 Fed. Appx. 475, 476 (6th Cir. 2002)(where

At the time plaintiff was terminated from her position, she was involved in a bankruptcy proceeding. On April 8, 2005, plaintiff filed a Chapter 13 petition in the United States Bankruptcy Court for the Southern District of Ohio. This petition was a sworn petition, which she signed under penalty of perjury. (doc. 10-4) The Bankruptcy Code requires a debtor to file "a schedule of assets and liabilities ... and a statement of the debtor's financial affairs." 11 U.S.C. §521(1). In her Chapter 13 petition, plaintiff was required to list any personal property on Schedule B. Section 20 of that schedule required plaintiff to describe "[o]ther contingent and unliquidated claims of every nature" and to give the estimated value of each. A cause of action is an asset that must be scheduled under §521(1). See Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 897 (6th Cir. 2004). Plaintiff did not list her discrimination claims on this schedule.

The bankruptcy court ultimately adopted a payment plan that provided plaintiff's unsecured creditors with less than 3% of what they were owed. (doc 10-3). Plaintiff was discharged in bankruptcy on September 7, 2012 and the court subsequently dismissed plaintiff's Chapter 13 petition on November 24, 2010.

## II.     Legal Standard

An estoppel defense can be pleaded affirmatively and determined on a pretrial motion for judgment on the pleadings. See Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 348 (1971). A motion for judgment on the pleadings pursuant to Rule 12(c) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Grindstaff v. Green, 133 F.3d 416, 421 (6th Cir. 1998) ("The standard of review applicable to a Rule 12(c) motion is the same as that for a Rule 12(b)(6) motion.")(citation omitted). All well-pleaded allegations must be taken as true and must be

---

the statute of limitations defect was obvious from the face of the complaint, *sua sponte* dismissal of the complaint was appropriate).

construed most favorably toward the non-movant. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). A motion for judgment on the pleadings is directed solely to the complaint and any exhibits attached to it. <u>Roth Steel Prods. v. Sharon Steel Corp.</u>, 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue on a motion for judgment on the pleadings. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(c) if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. <u>See</u> <u>Rauch v. Day & Night Mfg. Corp.</u>, 576 F.2d 697, 702 (6th Cir. 1978); <u>Westlake v. Lucas</u>, 537 F.2d 857, 858 (6th Cir. 1976). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." <u>Morgan v. Church's Fried Chicken</u>, 829 F.2d 10, 12 (6th Cir. 1987) (citations omitted).

The court may also consider materials in addition to the pleadings without converting the motion to one for summary judgment if the materials are public records or are otherwise appropriate for the taking of judicial notice. <u>New England Health Care Employees Pension Fund v. Ernst & Young, LLP</u>, 336 F.3d 495, 501 (6th Cir. 2003)(stating analogous rule applicable to Rule 12(b)(6) motions).

## III.    Legal Analysis

### A.    Judicial Estoppel

Defendants argue that plaintiff's claims are barred under the doctrine of judicial estoppel because plaintiff had an ongoing obligation to disclose claims to the bankruptcy court but failed to disclose her claim against Dollar. Plaintiff asserts that while there was arguably an ongoing duty to disclose, and that she failed to disclose her claim, judicial estoppel is inappropriate because the failure was inadvertent and a good faith mistake.

The doctrine of judicial estoppel "generally prevents a party from prevailing in one phase of a case on an argument and then relying on a contradictory argument to prevail in another phase." <u>New Hampshire v. Maine</u>, 532 U.S. 742, 749 (2001). Judicial estoppel "preserve[s] the

integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship." Browning v. Levy, 283 F.3d 761, 776 (6th Cir. 2002). Judicial estoppel is "an equitable doctrine invoked by the court at its discretion." New Hampshire, 532 U.S. at 750.

The United States Supreme Court has articulated three factors to consider when determining whether judicial estoppel should apply: (1) is the party's later position clearly inconsistent with its earlier position; (2) whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceedings would create the perception that either the first or the second court was misled; and (3) whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. New Hampshire, 532 U.S. at 750-751. However, these factors are not "inflexible prerequisites or an exhaustive formula for determining the applicability of judicial estoppel." Id. at 751. The Sixth Circuit focuses on the first two factors identified in New Hampshire. See Browning v. Levy, 283 F.3d 761, 775 (6th Cir. 2002).

"Statements or omissions by a debtor in a bankruptcy disclosure statement can support a finding of judicial estoppel." Felix v. Dow Chem. Co., No. 2:07-cv-971, 2008 U.S. Dist. LEXIS 8946 (S.D. Ohio, Jan. 23, 2008)(citing Reynolds v. Commissioner of Internal Revenue, 861 F.2d 469, 474 (6th Cir. 1988). The Sixth Circuit and Ohio District Courts have repeatedly upheld the application of judicial estoppel to bar employment related claims which were not disclosed in bankruptcy proceedings. See e.g., Eubanks v. CBSK Financial Group, Inc., 385 F.3d 894, 898 (6th Cir. 2004); Lewis v. Weyerhaeuser Co., 141 Fed.App'x 420, 423-429 (6th Cir. July 6, 2005); Caprella v. CSX Transp., Inc., No. 3:07 CV 229, 2009 U.S. Dist. LEXIS 83554 (N.D. Ohio Sept. 14, 2009). This is because disclosure obligations of consumer debtors are at the very core of the bankruptcy process and meeting these obligations is part of the price debtors pay for receiving the bankruptcy discharge." Lewis, 141 Fed.App'x at 424 (internal citations omitted); See also Burnes v. Pemco Aeroplex, Inc., 291 F.3d 1282, 1286 (11th Cir. 2002)(full and honest disclosure

in a bankruptcy case is crucial to the effective functioning of the federal bankruptcy system).

Moreover, the duty to disclose is a "continuing one, and a debtor is required to disclose all

potential causes of action." In re Coastal Plains, Inc., 179 F.3d 197, 205 (5th Cir. 1999); see also

Harrah v. DSW Inc., No.  1:11CV00866, 2012 U.S. Dist. LEXIS 16455 (N.D. Ohio Feb. 9, 2012)

(quoting 11 U.S.C. § 1306(a)(1)) (the "obligation to amend is particularly important in the context

of a Chapter 13 bankruptcy . . . because the bankruptcy estate includes property that the 'debtor

acquires alter the commencement of the case but before the case is closed .'").   Plaintiff concedes

that she had an ongoing obligation to disclose assets throughout the bankruptcy proceedings.

(Response, Doc. 13 p. 8).

In applying the elements of judicial estoppel to this case, the court considers the first

element and concludes that the plaintiff  asserted a position  in the bankruptcy court which was

contrary to her position in this court.   In the bankruptcy court, plaintiff filed a sworn statement

indicating that the only contingent and unliquidated claims she had were a possible income tax

refund and earned and unpaid wages for the previous thirty days. (doc. 10-4, Sched. B, Section

20). She did not indicate that she had any claim arising out of wrongful termination, whereas in

this court, plaintiff asserts that she has such claims.  It is well settled that "pursuing a cause of

action that was not disclosed as an asset in a previous bankruptcy filing creates an inconsistency

sufficient to support judicial estoppel."  See Eubanks v. CBSK Financial Group, Inc., 385 F.3d

894, 898 (6th Cir. 2004);  Lewis v. Weyerhaeuser Co., 141 Fed.App'x 420, 423-429 (6th Cir. July

6, 2005); Caprella v. CSX Transp., Inc., No. 3:07 CV 229, 2009 U.S. Dist. LEXIS 83554 (N.D.

Ohio Sept. 14, 2009).   The plaintiff does not dispute that she asserted a position in the

bankruptcy court which was contrary to her position in this court.

In regard to the second element, the court also concludes that plaintiff succeeded in

persuading the bankruptcy court to accept her earlier position that she had no contingent and

unliquidated claims so that acceptance of a contrary position by this court would be inappropriate.  In discharging the plaintiff and confirming her Chapter 13 plan, the bankruptcy court adopted plaintiff's sworn statement that she had no contingent and unliquidated claims. See Lewis, 141 Fed. Appx. at 425 (citations omitted) (in confirming the plaintiff's Chapter 13 plan, the court adopted her statement that she had no contingent claims); see also, Reynolds, 861 F.2d at 473 ("when a bankruptcy court -- which must protect the interests of all creditors -- approves a payment from the bankruptcy estate on the basis of a party's assertion of a given position, that, in our view, is sufficient 'judicial acceptance' to estop the party from later advancing an inconsistent position").  The plaintiff does not dispute that this second element of judicial estoppel has been met.

Application of judicial estoppel is not appropriate, however, where the failure to disclose the claim to the bankruptcy court was the result of "mistake or inadvertence."  Browning, 283 F.3d at 776.  The failure to disclose a cause of action in bankruptcy proceedings may be deemed inadvertent where: (1) the debtor lacks knowledge of the factual basis of the undisclosed claims; or (2) the debtor has no motive for concealment.  Id.  See also Eubanks, 385 F.3d at 895 (noting that the court "considers reasons of mistake and inadvertence, as well as an absence of bad faith, in determining judicial estoppel[.]"); see also, White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 478 (6th Cir. 2010)(considering whether there is an absence of bad faith).  Plaintiff alleges that the failure to disclose her claim was the result of mistake or inadvertence and in good faith that therefore judicial estoppel is not warranted.

The plaintiff's failure to disclose her claim against Dollar in her bankruptcy petition cannot be excused on the basis of lack of knowledge.  The first incident involving her employer

occurred on September 9, 2009, over a year before the bankruptcy case was ultimately closed. Between that time and her ultimate termination in June of 2010, plaintiff alleges that she was subjected to discriminatory treatment and inappropriately disciplined at least five times. Plaintiff was terminated from her position on June 9, 2010, one month before her bankruptcy plan was confirmed, three months before she was discharged in bankruptcy and five months before the proceeding was closed. She was obviously aware of the factual basis for her discrimination claims against the defendants while her bankruptcy case remained active.

Plaintiff next asserts that even if the court concludes that she had knowledge of the facts of her claim against Dollar, she is not estopped from making her claim because she did not have a motive to conceal the claim from the bankruptcy court or her creditors and did not act in bad faith. In support of her position, plaintiff submitted an affidavit in which she avers that she had no intention of hiding anything from the bankruptcy court. (Doc. 13-2, ¶2). Plaintiff's self-serving affidavit is insufficient to establish that she had no motive to conceal her claim against defendants. As has been noted by other courts, a "motive to conceal assets is always present in a Chapter 13 case, because it is 'always in a Chapter 13 petitioner's interest to minimize income and assets.'"Harrah v. DSW Inc., 2012 U.S. Dist. LEXIS 16455 (quoting Lewis, 141 Fed. Appx. at 426). This is because if the plaintiff's claims against Dollar become part of the bankruptcy estate, "then any proceeds realized from the claims could go towards paying the plaintiff's creditors, rather than simply going to the plaintiff." Id (citing White, 617 F.3d at 479).

In further support of her position that she did not act in bad faith or with motive to conceal, plaintiff argues that it would have been "practically impossible" for her to amend her schedules and disclose the claim in the bankruptcy court. She asserts that if she is deemed to

have knowledge of her claim as of June 9, 2010 (date of her employment termination), there was not enough time to amend the schedule, notify the creditors and trustee, and have the plan amended before the plan was confirmed on July 14, 2010. This argument is meritless. First, if plaintiff had amended her schedule to include the claim against Dollar, there is no reason that the bankruptcy court could not have delayed confirming the plan past the July 14, 2010 date. Moreover, if adopted by the court, plaintiff's argument could open the door to allowing debtors to receive a potential windfall. According to plaintiff's theory, a debtor in bankruptcy could inherit a million dollars but if the inheritance occurred shortly before the bankruptcy plan was confirmed, then the debtor need not disclose the change in his financial circumstances. This court is not inclined to facilitate such a potential result.

    In addition, this case is distinguishable from the very few cases in this jurisdiction in which the courts have found mistake or inadvertence or an absence of bad faith which precluded application of judicial estoppel. In Eubanks v. CBSK Fin. Group, Inc., 385 F.3d 894 (6th Cir. 2004), the debtors failed to disclose a potential claim against their lender in their initial bankruptcy petition. Within one month of filing the petition, however, the debtors orally notified the trustee of the potential claim against their lender and provided the trustee with documentation regarding the potential claim. Thereafter, the debtors amended their filings to list the lender as a potential creditor but failed to list the claim as an asset. The debtors also continued to inquire as to whether the trustee would pursue the claim against the lender. After the bankruptcy case was closed, plaintiffs filed a civil action against the lender. In declining to apply judicial estoppel to the civil case, the Sixth Circuit found no evidence of bad faith on the part of the debtors because they had attempted to amend their bankruptcy schedule to add the claim as a potential asset, and

the trustee had been on notice of the claim the entire time. These facts led the court to conclude that the omission of the claim from the Schedule of Assets was inadvertent.

In <u>Javery v. Lucent Technologies Long Term Disabilities Plan</u>, No. 2:09-cv-00008, 2010 U.S. Dist. LEXIS 14259 (S.D. Ohio, Feb. 18, 2010), the debtors failed to disclose a potential claim against the husband's long term disability plan. The district court found that the failure was inadvertent and that there was no evidence of bad faith where the claim was divulged at a bankruptcy proceeding meeting and where the debtors intended to amend the schedule. In that case, the court also noted that the debtor husband suffered mental illness and had been hospitalized for nearly a month preceding the filing of the bankruptcy petition. The court found that in those particular circumstances, judicial estoppel was not warranted.

In this case there is no evidence that the plaintiff ever attempted to notify her creditors, the bankruptcy trustee or bankruptcy court of a potential claim against defendant. Plaintiff's contends that notification would have been "useless" because there was allegedly insufficient time between her termination and the close of the bankruptcy case for her to make any disclosure. This contention provides evidence that she did not attempt, nor feel the need, to make any disclosure to the bankruptcy court. Nor does plaintiff allege that there were extraneous or mitigating circumstances that make application of the doctrine of judicial estoppel inequitable. Accordingly, judicial estoppel is warranted in this case. <u>See</u>, <u>White v. Wyndham Vacation Ownership, Inc.</u>, 617 F.3d 472, 486 (6th Cir. 2010) ("judicial estoppel may be appropriate in a case where a plaintiff has made no legitimate attempt to inform the bankruptcy court or the bankruptcy estate of his or her potential claims.").

**IV. Conclusion**

This court finds that the elements necessary to support the application of the doctrine of judicial estoppel have been established in this case, and that defendants are entitled to judgment as a matter of law. The defendants' motion for judgment on the pleadings (Doc. No. 10) on the grounds of judicial estoppel is granted, and the clerk shall enter final judgment in favor of the defendants on plaintiffs' claims.

S/ James L. Graham
James L. Graham
United States District Judge

Date: April 16, 2012